# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JAMES F. DEMETRIUS, | * |
| Petitioner, | * |
| vs. | * CIVIL ACTION NO. 20-00430-TFM-B |
| MARY COOKS, | * |
| Respondent. | * |

## REPORT AND RECOMMENDATION

Petitioner James F. Demetrius filed a petition seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2241 in the United States District Court for the Northern District of Alabama.[1] (Doc. 1). The case was transferred to the Southern District of Alabama[2] and referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(R). (Docs. 3, 4, 5). Demetrius also has pending in this Court an earlier filed habeas corpus petition, namely Demetrius v. Cooks, No. 1:20-cv-00136-TFM-N (S.D. Ala. filed Mar.

---

[1] At the time Demetrius filed the instant petition, he was incarcerated at Fountain Correctional Facility in Atmore, Alabama. (See Doc. 1 at 1). A search of the Alabama Department of Corrections' website reflects that Demetrius is no longer in the custody of ADOC. (See http://www.doc.state.al.us/InmateInfo).

[2] The case was transferred because Demetrius was incarcerated at a facility located in the Southern District of Alabama and challenging his continued detention pending the disposition of criminal charges in a court located within this district. (See Docs. 2, 3).

3, 2020) ("Demetrius I").³  Having carefully considered Demetrius's habeas petitions pending before this Court, the undersigned **RECOMMENDS** that Demetrius's instant habeas corpus petition be consolidated with his earlier filed habeas corpus petition.

I. **BACKGROUND**

   A.  **Demetrius I – Case No. 1:20-cv-00136-TFM-N.**

Prior to filing the instant § 2241 petition in the Northern District of Alabama, Demetrius⁴ filed a petition in this Court on March 3, 2020,⁵ seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. Demetrius I, ECF No. 1. In Demetrius I, Demetrius alleged that he was an Alabama state prisoner incarcerated at Fountain Correctional Facility and was serving a ten-year sentence on a first-degree assault conviction, with an expiration date of June 26, 2020. Id. at pp. 13, 16. Demetrius further alleged that he has a "pending pre-trial detainer" from the Circuit Court of

---

³ The undersigned takes judicial notice of court documents from Demetrius I because they are public records that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. See United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) ("A court may take judicial notice of its own records and the records of inferior courts.").

⁴ Demetrius is proceeding *pro se* both in the instant case and in Demetrius I.

⁵ Pursuant to the mailbox rule, a prisoner's petition is deemed filed on the date it is delivered to prison officials for mailing. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam). Absent contrary evidence, that date is presumed to be the date on which the prisoner signed the motion. Id.; see Demetrius I, ECF No. 1, pp. 15, 18.

2

Baldwin County, Alabama on 2016 charges of possession of a controlled substance and receiving stolen property in case number DC-16-751. Id. at pp. 1, 16. Demetrius made clear in his petition that he was challenging the pending state detainer rather than his prior assault conviction, and he asserted that the State of Alabama was depriving him of his right to be promptly brought to trial on the pending 2016 state charges. See id. at pp. 5, 16. He sought an order directing state officials to "show cause within 21 days why the State of Alabama [is] depriving Petitioner [of] his day in Court." Id. at p. 17.

Although Demetrius's petition in Demetrius I was filed on a § 2254 form petition, Magistrate Judge Katherine Nelson determined that it was appropriate to treat the petition as a § 2241 petition rather than a § 2254 petition, and she directed the Clerk to withhold service of Demetrius's habeas petition to allow the Court to conduct preliminary review of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[6] Id., ECF No. 8.

---

[6] Rule 4 of the Rules Governing Section 2254 Cases provides, in relevant part:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is

3

**B. Case No. 1:20-cv-00430-TFM-B.**

On June 8, 2020, Demetrius[7] filed the instant petition for a writ of habeas corpus under § 2241 in the Northern District of Alabama.[8] (Doc. 1). In the instant petition, Demetrius states that he is challenging a pretrial detention, specifically, a "pending possession and receiving stolen property case in Baldwin County Alabama Case Number: DC-16-751." (Id. at 2). Demetrius lists one ground for relief, and he describes his claim as follows:

> The State of Alabama has failed to comply with it's [sic] obligation to promptly bring him to trial. Petitioner in the year 2016 was charged with possession of receiving. The petitioner has been subject to 4 years of no dispos[i]tion of this pending pre-trial charge. Petitioner has filed for appointment of counsel[,] motion for fast and speedy trial[,] and a[n] affidavit of substantial hardship form. The State of Alabama has violated petitioner['s] Constitution[al] Right.

(Id. at 6-7). For relief, Demetrius requests that the "State of Alabama promptly bring him to trial." (Id. at 8). Demetrius also notes that on June 1, 2020, he filed (1) a motion for appointment of counsel, (2) a "Motion for fast and speedy trial", and (3) an

---

> not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

[7] Although Demetrius signed the petition as "Freddie James", he identified himself in the caption as James F. Demetrius. (See Doc. 1 at 1, 9).

[8] Demetrius listed the case number assigned by this Court in Demetrius I ("1:20-00136-TFM-N") in the caption of the § 2241 habeas petition that he filed in the Northern District of Alabama. (See Doc. 1 at 1).

4

"Affidavit", in case number DC-16-751, all of which are pending before the Circuit Court of Baldwin County, Alabama. (Id. at 2).

On August 19, 2020, United States District Judge L. Scott Coogler entered an order transferring this case to the Southern District of Alabama because Demetrius was incarcerated at a facility located in this district when he filed the § 2241 petition and was seeking to challenge a "pre-trial detainer" on charges that are pending in this district. (See Docs. 2, 3).

**II.  DISCUSSION**

A district court has authority to consolidate multiple actions if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Consolidation under Rule 42(a) "is permissive and vests a purely discretionary power in the district court." Young v. City of Augusta, 59 F.3d 1160, 1168 (11th Cir. 1995) (quotation omitted). "District court judges in this circuit have been urged to make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion." Id. at 1169 (quotations omitted).

When determining whether to consolidate, district courts must weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions; the burden on the parties and the court posed by multiple lawsuits as opposed to one; the length of time required to conclude multiple lawsuits as opposed to one; and the relative

5

expense of proceeding with separate lawsuits if they are not consolidated. Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985).

Demetrius's instant § 2241 habeas petition and the operative petition in Demetrius I, which the Court has also construed as a § 2241 habeas petition, involve the same facts and plead essentially identical claims. At their core, both petitions seek to compel the State of Alabama to bring Demetrius "promptly to trial" on his 2016 charges of possession of a controlled substance and receiving stolen property in Baldwin County Circuit Court case number DC-16-751. The fact that Demetrius placed the case number of Demetrius I in the caption of the instant petition further suggests his intention to raise the same claim in both petitions.

By permitting separate and nearly identical § 2241 habeas petitions regarding the State of Alabama's alleged failure to bring him promptly to trial on his pending 2016 charges, the Court would give Demetrius multiple bites at the same apple. Rather than countenancing two separate and nearly identical cases or dismissing the instant action as duplicative, the undersigned submits that the best course of action is to consolidate the instant petition with Demetrius I, the earlier filed action.

The instant petition does not raise any new claims or substantively alter Demetrius's existing claim, but it is not entirely duplicative of the operative petition in Demetrius I.

First, unlike the petitions filed in Demetrius I, it is on a § 2241 (not § 2254) form petition, and it is signed under penalty of perjury. (See Doc. 1 at 9). Second, the instant petition provides new information that is potentially relevant to Demetrius's claim, specifically, the fact that he has a motion for speedy trial pending in Baldwin County Circuit Court that was filed on June 1, 2020. (See id. at 2). Therefore, the instant petition, which is filed on the proper form, may assist the Court in resolving Demetrius's existing claim. Overall, consolidation of Demetrius's habeas petitions will permit a more efficient resolution of his claim, diminish the burden on the parties and the Court, reduce confusion, eliminate duplicate filings, and avoid the potential of inconsistent rulings on identical factual and legal questions.

Accordingly, the undersigned recommends that the Court consolidate Demetrius's instant habeas petition with Case No. 1:20-cv-00136-TFM-N, his earlier filed action. The undersigned further recommends that the Court direct the Clerk to file all pleadings docketed in Case No. 1:20-cv-00430-TFM-B upon the docket and record of Case No. 1:20-cv-00136-TFM-N; consolidate Case No. 1:20-cv-00430-TFM-B with Case No. 1:20-cv-00136-TFM-N; and close Case No. 1:20-cv-00430-TFM-B.

### III. CONCLUSION

For the reasons and in the manner stated above, the undersigned **RECOMMENDS** that the Court **CONSOLIDATE** Case No. 1:20-

7

cv-00430-TFM-B with Case No. 1:20-cv-00136-TFM-N, Demetrius's earlier filed habeas corpus action.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **15th** day of **September, 2020.**

                                           **/s/ SONJA F. BIVINS**
                                       **UNITED STATES MAGISTRATE JUDGE**